1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

$30,250 IN U.S. CURRENCY,
$11,000 IN U.S. CURRENCY,
$11,750 IN U.S. CURRENCY,
AND ANY ACCRUED INTEREST,

Defendants.

CASE NO. CV20-1642

**VERIFIED COMPLAINT
FOR FORFEITURE *IN REM***

COMES NOW the United States, by and through its undersigned counsel, and alleges:

## I.   NATURE OF THE ACTION

1.      This is a civil *in rem* action for the forfeiture of:

a.      $30,250 in U.S. currency, contained in U.S. Priority Mail Express parcel #EE472725518US ("Defendant Currency A"), seized on May 11, 2020 at the Seattle Processing and Distribution Center for the United States Postal Service, located at 10700 27th Avenue South, Tukwila, Washington 98168;

Verified Complaint for Forfeiture *In Rem* - 1
*United States. v. $30,250 in U.S. Currency, et al.*

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

b.      $11,000 in U.S. currency, contained in U.S. Priority Mail Express parcel #EE455046776US ("Defendant Currency B"), seized on June 25, 2020 at 301 Union Street, Seattle, Washington 98101; and,

c.      $11,750 in U.S. currency, contained in U.S. Priority Mail parcel #9505 5127 4626 0176 8946 50 ("Defendant Currency C"), seized on July 1, 2020 at 301 Union Street, Seattle, Washington 98101 (collectively, "Defendant Currencies").

## II.      LEGAL BASIS FOR FORFEITURE

2.      The Defendant Currencies are forfeitable pursuant to 21 U.S.C. §§ 841(a)(6) (moneys furnished, or intended to be furnished, in exchange for a controlled substance or proceeds from such an exchange), 841(a)(1) (distribution of a controlled substance), and 846 (attempt or conspiracy to violate Title 21).  Specifically, the Defendant Currencies represent moneys furnished, or intended to be furnished, in exchange for a controlled substance or proceeds from such an exchange.

## III.      JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1345 (United States is plaintiff) and 1355(a) (action for forfeiture).

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1355(b)(1)(A) (acts giving rise to the forfeiture occurred in this district) and 1395(b) (Defendant Currencies are located in this district).

5.      The parcel containing Defendant Currency A was seized pursuant to the execution of a federal search warrant on May 11, 2020 at the Seattle Processing and Distribution Center for the United States Postal Service, located at 10700 27th Avenue South in Tukwila, Washington 98168.

6.      On May 11, 2020 the United States Postal Service took custody of Defendant Currency A and it remains in the custody of the United States.

7.      The parcel containing Defendant Currency B was seized pursuant to the execution of a federal search warrant on June 25, 2020 at 301 Union Street, Seattle, Washington 98101.

Verified Complaint for Forfeiture *In Rem* - 2
*United States. v. $30,250 in U.S. Currency, et al.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

8.      On June 25, 2020, the United States Postal Service took custody of Defendant Currency B and it remains in the custody of the United States.

9.      The parcel containing Defendant Currency C was seized pursuant to the execution of a federal search warrant on July 1, 2020 at 301 Union Street, Seattle, Washington 98101.

10.      On July, 1, 2020, the United States Postal Service took custody of Defendant Currency C and it remains in the custody of the United States.

11.      As provided in Supplemental Rule G(3)(b)(i), the Clerk of Court must issue a warrant to arrest the Defendant Currencies if they are in the government's possession, custody, or control.  As such, the Court will have *in rem* jurisdiction over the Defendant Currencies when the accompanying Warrants of Arrest *in Rem* are issued, executed, and returned to the Court.

## IV.      FACTUAL BASIS FOR FORFEITURE

### A.      *Defendant Currency A ($30,250)*

12.      On May 8, 2020, Postal Inspectors with the United States Postal Inspection Service conducted interdiction operations targeting controlled substances and/or proceeds from the sale of and distribution of illegal drug activity.  Part of the interdiction efforts were performed by searching databases on parcel information.  These operations took place in many parts of the Washington State, including at the Seattle Processing and Distribution Center, located at 10700 27th Avenue South, located in Tukwila, Washington 98168.

13.      During the interdiction operations, U.S. Priority Mail Express parcel #EE472725518US ("Parcel A") was identified for further inspection.

14.      Parcel A was a U.S. Postal Service Priority Mail box that measured approximately 10 x 10 x 10.5 and weighed approximately 3 pounds, 7.2 ounces.  It was shipped as 1-day delivery and carried $64.50 in postage.

///

Verified Complaint for Forfeiture *In Rem* - 3
*United States. v. $30,250 in U.S. Currency, et al.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

15.    Parcel A was addressed from Tan Nguyen, 219 Summer Private Dr., Kingsport, Tennessee 37664 and addressed to Kim Nguyen, 16214 114th Avenue SE, Renton, Washington 98055.  A photograph of the package and mailing label is included below.



a.    Investigation revealed that 219 Summer Private Drive, Kingsport, Tennessee 37664 is a valid address and that Tan Nguyen, William Wray, Tiffani Wells, and Riley Wells are associated with that address.

b.    Investigation revealed that 16201 114th Avenue SE, Renton, Washington 98055 is a valid address and that Kim Nguyen, Trong Nguyen, and Trong Trung Nguyen are associated with that address.

16.    Based on his training and experience, United States Postal Inspector Mitchel Vanicek noted that Parcel A bore multiple features that are consistent with the distribution of controlled substances and related proceeds.

Verified Complaint for Forfeiture *In Rem* - 4
*United States. v. $30,250 in U.S. Currency, et al.*

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

*External Features of Parcel A Consistent with Drug Trafficking*

17.   Review of parcel database information revealed that Parcel A was mailed from a zip code (34102) associated with Naples, Florida, but had a return address from a zip code (37644) associated with Kingsport, Tennessee.

18.   Inspectors know from training and experience that drug traffickers often provide erroneous, fictitious, and/or misleading information on mailing labels as a tactic to conceal their true identity and address from law enforcement.

19.   Florida is a known destination state for marijuana parcels shipped from the source state of Washington.  Florida is not a state in which possession of recreational marijuana is lawful.  Proceeds from the sale and distribution of controlled substances received from Washington are often sent back from destination states as payment via the U.S. Mail system.

20.   Review of parcel database information revealed that the mailer of Parcel A used cash to pay for the $65.40 in postage.

21.   Inspectors know from training and experience that drug traffickers often pay with cash for postage because use of a debit or credit card may allow law enforcement to identify the shipper to a known address or provide other identifiers.

22.   The label of Parcel A was hand written and appeared to have been sent from a private individual to another private individual.  It did not appear to be business related.

23.   Inspectors know from training and experience that drug traffickers often hand write mailing labels instead of using pre-printed labels, which is customary in business mailings.

24.   There were no contact telephone numbers written on the mailing label attached to Parcel A, for either the sender or the recipient.

25.   Inspectors know from training and experience that Express mailings are generally used for items or documents that the sender considers important, valuable, and/or time sensitive.  It would be unusual not to include a contact telephone number in

Verified Complaint for Forfeiture *In Rem* - 5
*United States. v. $30,250 in U.S. Currency, et al.*

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

the event there was a problem with delivery of the parcel.  Drug traffickers often choose not to include telephone numbers – or provide incorrect telephone numbers – on parcels, so as not to enable law enforcement to trace their names or physical locations.

***Further Investigation***

26.     Based on the information identified above, as well as his training and experience, Inspector Vanicek deemed there was reasonable suspicion to detain Parcel A for further investigation.

27.     Inspector Vanicek requested the assistance of Task Force Officer (TFO) James Sturgill and his certified controlled substance detection K-9 partner, "Apollo." Apollo is a passive alert canine and is trained to give a "sit response" after having identified the specific location from which the odor of a controlled substance is emitting. Apollo is trained to detect the presence of marijuana, heroin, methamphetamine, and cocaine; he cannot communicate which of these substances he has detected.

28.     After an initial search of a warehouse room in the Tukwila facility, Apollo did not alert on any items or areas.  Inspector Vanicek then placed Parcel A in an out-of-sight location in the warehouse room, out of the view of Detective Sturgill and K-9 Officer Apollo.  During Apollo's subsequent search of the warehouse room, he stopped and "sat" in the area where Parcel A was located.  This was an indication to Detective Sturgill that Apollo detected an odor of a controlled substance emanating from Parcel A.

29.     Inspectors know from training and experience that individuals who regularly handle controlled substances often leave the scent of controlled substances on the box and other packaging materials they handle.  Packaging materials are often stored in close proximity to the controlled substances, thereby transferring the odor of the controlled substances to the packaging materials.  Controlled substances canines (also called narcotics canines) are trained to alert on these substances.

///

///

///

Verified Complaint for Forfeiture *In Rem* - 6
*United States. v. $30,250 in U.S. Currency, et al.*

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

***Search of Parcel A***

30.     On May 11, 2020, the Honorable Mary Alice Theiler, United States Magistrate Judge for the Western District of Washington, issued a search warrant, authorizing the search of Parcel A.

31.     After obtaining a search warrant, Postal Inspectors Mitchel Vanicek and Michael Fischlin executed the warrant and opened Parcel A.

32.     Parcel A contained popcorn stuffing material and a long sleeved black shirt. The shirt was wrapped around multiple stacks of U.S. currency.  The currency bundles were folded in half, secured with rubber bands, and vacuum-sealed inside clear plastic. Photographs of the parcel, the internal packaging, and the currency are included below.






33.     Inspectors know from training and experience that drug traffickers often use plastic wrap (cellophane), carbon paper, and/or vacuum sealed plastic bags in their mailing of controlled substances or the proceeds of controlled substances, in an attempt to defeat controlled substance detecting canines.

Verified Complaint for Forfeiture *In Rem* - 7
*United States. v. $30,250 in U.S. Currency, et al.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

34.     Parcel A did not contain any notes, receipts, or instructions.

35.     Inspectors know from training and experience that individuals who traffic in controlled substances rarely include any type of instruction with the proceeds. Conversely, legitimate business transactions or personal gifts involving cash or monetary instruments generally contain explanatory notes, letters, receipts, cards or coupons.

36.     The currency in Parcel A totaled $30,250.  It was comprised of 665 $20 bills ($13,300); 29 $50 bills ($1,450); and 155 $100 bills ($15,500).

37.     Inspectors know from training and experience that drug traffickers generally use low denomination currency to conduct their business and have found that in most cases, payments for controlled substances are primarily made in twenty-dollar denominations.

*Administrative Procedures*

38.     On or about July 7, 2020, USPIS sent notices to all identified, potentially interested parties that the currency from Parcel A had been seized.  Those notices included instructions for petitioning for administrative remission of the currency or filing a claim seeking judicial process on its forfeitability.  On August 8, 2020, USPIS received a petition and claim from Trung Nguyen, in which he asserted ownership of the currency from Parcel A.  As proof of ownership, Mr. Nguyen submitted statements and documents purporting to explain the origin of the currency.

39.     Mr. Nguyen stated that the currency from Parcel A was "gifted" to him by a friend for the purchase of a boat and he provided copies of May 2020 email exchanges with two individuals who posted boats for sale on Craig's List and BoatTrader.

40.     On or about May 14, 2020, Kim Nguyen contacted the U.S. Postal Service by telephone to ask why there have not been any tracking updates on Parcel A since May 7, 2020.  Kim Nguyen described the contents of Parcel A as "paperwork" mailed to him from his brother in law.

///

///

Verified Complaint for Forfeiture *In Rem* - 8
*United States. v. $30,250 in U.S. Currency, et al.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

**B.     Defendant Currency B ($11,000)**

2      41.     On June 23, 2020, Postal Inspectors conducted interdiction operations

3  targeting controlled substances and/or proceeds from the sale of and distribution of illegal

4  drug activity.  Part of the interdiction efforts were performed by searching databases on

5  parcel information.  These operations took place in many parts of Washington State,

6  including the Seattle Processing and Distribution Center, located at 10700 27th Avenue

7  South, located in Tukwila, Washington 98168.

8      42.     During the interdiction operations, U.S. Priority Mail Express parcel

9  #EE455046776US ("Parcel B") was identified for further inspection.

10     43.     Parcel B was a U.S. Postal Service Priority Mail Express Flat Rate box that

11  measured approximately 14" x 3.5" x 11" and weighed approximately 2 pounds, 15.8

12  ounces.  It was postmarked June 22, 2020, from Kingsport, Tennessee; shipped as 1-day

13  delivery; and carried $57.65 in postage.

14     44.     Parcel B was addressed from Chris Williams, 4036 Skyland Dr., Kingsport,

15  Tennessee 37664 and addressed to Kim Nguyen, 16214 114th Avenue SE, Renton,

16  Washington 98055.  A photograph of the parcel and the mailing label is included below.

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

Verified Complaint for Forfeiture *In Rem* - 9
*United States. v. $30,250 in U.S. Currency, et al.*

1

2

3

4

5

6

7

8

9

10

11

12

13



14       a.    Investigation revealed that 4036 Skyland Dr., Kingsport, Tennessee

15   37664 is a valid address and that Julia Williams is associated with that address.

16       b.    Investigation reconfirmed that 16201 114th Avenue SE, Renton,

17   Washington 98055 is a valid address and that Kim Nguyen, Trong Nguyen, and Trong

18   Trung Nguyen are associated with that address.  Inspector Vanicek previously confirmed

19   this information in connection with Parcel A, addressed above.

20       45.    Based on his training and experience, Inspector Vanicek noted that Parcel B

21   bore multiple features that are consistent with the distribution of controlled substances

22   and related proceeds.

23   ***External Features of Parcel B Consistent with Drug Trafficking***

24       46.    Parcel B was mailed to the same name and address as Parcel A, which had

25   numerous external indicia of drug trafficking proceeds, was identified as emitting an odor

26   of controlled substances by K-9 officer Apollo, and which contained concealed U.S.

27   currency.

28   ///

Verified Complaint for Forfeiture *In Rem* - 10
*United States. v. $30,250 in U.S. Currency, et al.*

47.     Tennessee is a known destination state for marijuana parcels shipped from the source state of Washington.  Tennessee is not a state in which possession of recreational marijuana is lawful.  Proceeds from the sale and distribution of controlled substances received from Washington are often sent back from destination states as payment via the U.S. Mail system.

48.     Review of parcel database information revealed that the mailer of Parcel A used cash to pay for the $57.65 in postage.

49.     Inspectors know from training and experience that drug traffickers often pay with cash for postage because use of a debit or credit card may allow law enforcement to identify the shipper to a known address or provide other identifiers.

50.     The label of Parcel B was hand written and appeared to have been sent from a private individual to another private individual.  It did not appear to be business related.

51.     Inspectors know from training and experience that drug traffickers often hand write mailing labels instead of using pre-printed labels, which is customary in business mailings.

52.     There were no contact telephone numbers written on the mailing label attached to Parcel B, for either the sender or the recipient.

53.     Inspectors know from training and experience that Express mailings are generally used for items or documents that the sender considers important, valuable, and/or time sensitive.  It would be unusual not to include a contact telephone number in the event there was a problem with delivery of the parcel.  Drug traffickers often choose not to include telephone numbers – or provide incorrect telephone numbers – on parcels, so as not to enable law enforcement to trace their names or physical locations.

**Further Investigation**

54.     Based on the information identified above, as well as his training and experience, Inspector Vanicek deemed there was reasonable suspicion to detain Parcel B for further investigation.

Verified Complaint for Forfeiture *In Rem* - 11
*United States. v. $30,250 in U.S. Currency, et al.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

55.     Inspector Vanicek requested the assistance of Task Force Officer (TFO) James Sturgill and his certified controlled substance detection K-9 partner, "Apollo." Apollo is a passive alert canine and is trained to give a "sit response" after having identified the specific location from which the odor of a controlled substance is emitting. Apollo is trained to detect the presence of marijuana, heroin, methamphetamine, and cocaine; he cannot communicate which of these substances he has detected.

56.     After an initial search of a warehouse room in the Tukwila facility, Apollo did not alert on any items or areas.  Inspector Vanicek then placed Parcel B in an out-of-sight location in the warehouse room, out of the view of Detective Sturgill and K-9 Officer Apollo.  During Apollo's subsequent search of the warehouse room, he stopped and "sat" in the area where Parcel B was located.  This was an indication to Detective Sturgill that Apollo detected an odor of a controlled substance emanating from Parcel B.

57.     Inspectors know from training and experience that individuals who regularly handle controlled substances often leave the scent of controlled substances on the box and other packaging materials they handle.  Packaging materials are often stored in close proximity to the controlled substances, thereby transferring the odor of the controlled substances to the packaging materials.  Controlled substances canines (also called narcotics canines) are trained to alert on these substances.

***Search of Parcel B***

58.     On June 25, 2020, the Honorable Michelle Peterson, United States Magistrate Judge for the Western District of Washington, issued a search warrant authorizing the search of Parcel B.

59.     After obtaining a search warrant, Postal Inspectors Mitchel Vanicek and Anna Weller executed the search warrant and opened Parcel B.

60.     Parcel B contained clothing items, "flip-flops," and a sealed Priority Mail Tyvek envelope.  Inside the envelope were two coloring books.  Inside each book were stacks of U.S. currency, which had been rubber banded and spread out inside the pages. Photographs of the parcel, the internal packaging, and the currency are included below.

Verified Complaint for Forfeiture *In Rem* - 12
*United States. v. $30,250 in U.S. Currency, et al.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

2

3

4

5

6

7

8

9

10

11

12

13

14



15    61.    Inspectors know from training and experience that drug traffickers often

16  use plastic wrap (cellophane), carbon paper, and/or vacuum sealed plastic bags in their

17  mailing of controlled substances or the proceeds of controlled substances, in an attempt to

18  defeat controlled substance detecting canines.

19    62.    Parcel B did not contain any notes, receipts, or instructions.

20    63.    Inspectors know from training and experience that individuals who traffic

21  in controlled substances rarely include any type of instruction with the proceeds.

22  Conversely, legitimate business transactions or personal gifts involving cash or monetary

23  instruments generally contain explanatory notes, letters, receipts, cards or coupons.

24    64.    The currency in Parcel B totaled $11,000.  It was comprised of 2 $5 bills

25  ($10); 25 $10 bills ($250); 457 $20 bills ($9,140); 4 $50 bills ($200); and 14 $100 bills

26  ($1,400).

27    65.    Inspectors know from training and experience that drug traffickers

28  generally use low denomination currency to conduct their business and have found that in

Verified Complaint for Forfeiture *In Rem* - 13
*United States. v. $30,250 in U.S. Currency, et al.*

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

most cases, payments for controlled substances are primarily made in twenty-dollar denominations.

*Administrative Procedures*

66.     On or about August 10, 2020, USPIS sent notices to all identified, potentially interested parties that the currency from Parcel A had been seized. Those notices included instructions for petitioning for administrative remission of the currency or filing a claim seeking judicial process on its forfeitability. On September 14, 2020, USPIS received a petition and claim from Trung Nguyen, in which he asserted ownership of the currency from Parcel A. As proof of ownership, Mr. Nguyen submitted statements and documents purporting to explain the origin of the currency.

67.     Mr. Nguyen provided the same explanation he previously provided in his claim for the currency from Parcel A. Mr. Nguyen stated that the currency was "gifted" to him by a friend for the purchase of a boat and he provided copies of May 2020 email exchanges with two individuals who posted boats for sale on Craig's List and BoatTrader.

**C.      Defendant Currency C ($11,750)**

68.     On June 26, 2020, Postal Inspectors conducted interdiction operations targeting controlled substances and/or proceeds from the sale of and distribution of illegal drug activity. Part of the interdiction efforts were performed by searching databases on parcel information. These operations took place in many parts of Washington State, including the Seattle Processing and Distribution Center, located at 10700 27th Avenue South, located in Tukwila, Washington 98168.

69.     During the interdiction operations, U.S. Priority Mail Express parcel #9505 5127 4626 0176 8946 50 ("Parcel C") was identified at the Renton Post Office for further inspection. Inspector Vanicek contacted the Renton Post Office and instructed them to forward Parcel C to the Postal Inspection Service office located at 301 Union Street, Seattle, Washington 98101.

///

Verified Complaint for Forfeiture *In Rem* - 14
*United States. v. $30,250 in U.S. Currency, et al.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

70.     Parcel C was a U.S. Postal Service Priority Mail Express parcel that measured approximately 12.5 x 9.5 and weighed approximately 1 pound, 9.4 ounces.  It was a flat rate parcel, postmarked June 24, 2020 from Naples, Florida, scheduled for 2-day delivery, and carried $.7.75 in postage.

71.     Parcel C was addressed from Kelly Vong, 2314 Pine Ridge Road, Naples, Florida 34109 and addressed to Kim Nguyen, 16214 114th Avenue SE, Renton, Washington 98055.  A photograph of the parcel and mailing label is included below.



a.      Investigation revealed that 2314 Pine Ridge Road, Naples, Florida 34109 is a valid address, but that Kelly Vong is not a name that is associated with that address in U.S. Postal Service databases.

b.      Investigation reconfirmed that 16201 114th Avenue SE, Renton, Washington 98055 is a valid address and that Kim Nguyen, Trong Nguyen, and Trong Trung Nguyen are associated with that address.

///

Verified Complaint for Forfeiture *In Rem* - 15
*United States. v. $30,250 in U.S. Currency, et al.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

72.     Based on his training and experience, Inspector Vanicek noted that Parcel C bore multiple features that are consistent with the distribution of controlled substances and related proceeds.

***External Features of Parcel C Consistent with Drug Trafficking***

73.     Parcel C was mailed to the same name and address as Parcel A and Parcel B, both of which had numerous external indicia of drug trafficking proceeds, both of which were identified as emitting an odor of narcotics by K-9 officer Apollo, and both of which contained concealed U.S. currency.

74.     Parcel C was mailed from a zip code (34109) associated with Naples, Florida, which was the same city and state from which Parcel A was mailed.

75.     Florida is a known destination state for marijuana parcels shipped from the source state of Washington.  Florida is not a state in which possession of recreational marijuana is lawful.  Proceeds from the sale and distribution of controlled substances received from Washington are often sent back from destination states as payment via the U.S. Mail system.

76.     Review of parcel database information revealed that the mailer of Parcel C used cash to pay for the $7.75 in postage.

77.     Inspectors know from training and experience that drug traffickers often pay with cash for postage because use of a debit or credit card may allow law enforcement to identify the shipper to a known address or provide other identifiers.

78.     The name of the sender – Kelly Vong – is not associated with the sending address in U.S. Postal Service databases.

79.     Investigation using an open source mapping website revealed that this address is associated with a business named "LV Nails."

80.     Business records reveal that Katrina Pham is the owner of LV Nails.

81.     Kelly Vong also appears to be associated with LV Nails.

82.     Inspectors know from training and experience that drug traffickers using the U.S. mail system often use fictitious or altered names when providing mailing or

Verified Complaint for Forfeiture *In Rem* - 16
*United States. v. $30,250 in U.S. Currency, et al.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    recipient information on mailing labels to avoid being positively identified by law

2    enforcement.

3         83.    The label of Parcel C was hand written and appeared to have been sent

4    from a private individual to another private individual.  It did not appear to be business

5    related.

6         84.    Inspectors know from training and experience that drug traffickers often

7    hand write mailing labels instead of using pre-printed labels, which is customary in

8    business mailings.

9    ***Further Investigation***

10        85.    Based on the information identified above, as well as his training and

11   experience, Inspector Vanicek deemed there was reasonable suspicion to detain Parcel C

12   for further investigation.

13        86.    Inspector Vanicek requested the assistance of Task Force Officer (TFO)

14   James Sturgill and his certified controlled substance detection K-9 partner, "Apollo."

15   Apollo is a passive alert canine and is trained to give a "sit response" after having

16   identified the specific location from which the odor of a controlled substance is emitting.

17   Apollo is trained to detect the presence of marijuana, heroin, methamphetamine, and

18   cocaine; he cannot communicate which of these substances he has detected.

19        87.    After an initial search of a warehouse room in the Tukwila facility, Apollo

20   did not alert on any items or areas.  Inspector Vanicek then placed Parcel C in an out-of-

21   sight location in the warehouse room, out of the view of Detective Sturgill and K-9

22   Officer Apollo.  During Apollo's subsequent search of the warehouse room, he stopped

23   and "sat" in the area where Parcel C was located.  This was an indication to Detective

24   Sturgill that Apollo detected an odor of a controlled substance emanating from Parcel C.

25        88.    Inspectors know from training and experience that individuals who

26   regularly handle controlled substances often leave the scent of controlled substances on

27   the box and other packaging materials they handle.  Packaging materials are often stored

28   in close proximity to the controlled substances, thereby transferring the odor of the

Verified Complaint for Forfeiture *In Rem* - 17
*United States. v. $30,250 in U.S. Currency, et al.*

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

controlled substances to the packaging materials.  Controlled substances canines (also called narcotics canines) are trained to alert on these substances.

***Search of Parcel C***

89.     On July 1, 2020, the Honorable Brian A. Tsuchida, Chief Magistrate Judge for the Western District of Washington, issued a search warrant, authorizing the search of Parcel C.

90.     After obtaining a search warrant, Postal Inspectors Mitchel Vanicek and Amy Kerkof executed the warrant and opened Parcel C.

91.     Parcel C contained a sealed U.S. Priority Mail Tyvek envelope that had been folded partially to fit in the outer mailing envelope.  Inside the inner envelope was a People magazine.  Inside the pages of the magazine, U.S. currency had been fanned out between multiple pages to conceal it.  Photographs of the parcel, the internal packaging, and the currency are included below.



Verified Complaint for Forfeiture *In Rem* - 18
*United States. v. $30,250 in U.S. Currency, et al.*

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

92.     Inspectors know from training and experience that drug traffickers often use plastic wrap (cellophane), carbon paper, and/or vacuum sealed plastic bags in their mailing of controlled substances or the proceeds of controlled substances, in an attempt to defeat controlled substance detecting canines.

93.     Parcel C did not contain any notes, receipts, or instructions.

94.     Inspectors know from training and experience that individuals who traffic in controlled substances rarely include any type of instruction with the proceeds. Conversely, legitimate business transactions or personal gifts involving cash or monetary instruments generally contain explanatory notes, letters, receipts, cards or coupons.

95.     The currency in Parcel C totaled $11,750.  It was comprised of 12 $5 bills ($60); 448 $20 bills ($8,960); 2 $50 bills ($100); and 22 $100 bills ($2,200).

96.     Inspectors know from training and experience that drug traffickers generally use low denomination currency to conduct their business and have found that in most cases, payments for controlled substances are primarily made in twenty-dollar denominations.

*Administrative Procedures*

97.     On or about August 11, 2020, USPIS sent notices to all identified, potentially interested parties that the currency from Parcel A had been seized.  Those notices included instructions for petitioning for administrative remission of the currency or filing a claim seeking judicial process on its forfeitability.  On September 14, 2020, USPIS received a petition and claim from Trung Nguyen, in which he asserted ownership of the currency from Parcel A.  As proof of ownership, Mr. Nguyen submitted statements and documents purporting to explain the origin of the currency.

98.     Mr. Nguyen provided the same explanation he previously provided in his claims for the currency from Parcel A and Parcel B.  He stated that the currency from Parcel C was "gifted" to him by a friend for the purchase of a boat and he provided copies of May 2020 email exchanges with two individuals who posted boats for sale on Craig's List and BoatTrader.

Verified Complaint for Forfeiture *In Rem* - 19
*United States. v. $30,250 in U.S. Currency, et al.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## V.    REQUEST FOR RELIEF

As required by Supplemental Rule G(2)(f), the facts set forth in this Verified Complaint support a reasonable belief that the United States will be able to meet its burden of proof at trial. More specifically, there is probable cause to believe that the Defendant Currencies are forfeitable pursuant to 21 U.S.C. § 881(a)(6) because they constitute moneys furnished, or intended to be furnished, in exchange for a controlled substance or proceeds from such an exchange, in violation of 21 U.S.C. §§ 841(a)(6) (moneys furnished, or intended to be furnished, in exchange for a controlled substance or proceeds from such an exchange), 841(a)(1) (distribution of a controlled substance), and 846 (attempt or conspiracy to violate Title 21).

WHEREFORE, the United States respectfully requests:

1.    A warrant issue for the arrest of the Defendant Currencies;

2.    That due notice be given to all interested parties to appear and show cause why the Defendant Currencies should not be forfeited;

3.    The Defendant Currencies be forfeited to the United States for disposition according to law; and,

4.    For such other and further relief as this Court may deem just and proper.

DATED this ___6th___ day of November, 2020.

Respectfully submitted,

BRIAN T. MORAN
United States Attorney

KRISTA K. BUSH
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA  98101
(206) 553-2242
Krista.Bush@usdoj.gov

Verified Complaint for Forfeiture *In Rem* - 20
*United States. v. $30,250 in U.S. Currency, et al.*

**VERIFICATION**

I, Mitchel Vanicek, am a Postal Inspector with the United States Postal Inspection Service ("USPIS"), assigned to the Seattle Division Headquarters office, in Seattle, Washington and have been employed as a Postal Inspector for sixteen years.  As a Postal Inspector, I have assisted or participated in investigations involving narcotics, burglaries, robberies, mail theft, and identity theft.  As part of my duties, I investigate incidents in which the United States mail system is used for the purpose of transporting non-mailable matter, including controlled substances such as marijuana, cocaine, methamphetamine, and heroin, as well as proceeds of the sale of controlled substances.  My training and experience includes identifying parcels with characteristics indicative of criminal activity. I am an investigating or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), in that I am empowered by law to conduct investigations and to make arrests for federal offenses.  I furnished the investigative facts contained in the foregoing Verified Complaint for Forfeiture *In Rem*.  The investigative facts are based on personal knowledge I obtained from my involvement in the underlying investigation, my review of the relevant investigative material, other law enforcement officers involved in the investigation, other reliable official Government sources, and my own training and experience.

I hereby verify and declare, under penalty of perjury pursuant to 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint for Forfeiture *In Rem*, that I know its contents, and that the facts it contains are true and correct to the best of my knowledge.

Executed this   6th   day of November, 2020.

_____
MITCHEL VANICEK
Postal Inspector
United States Postal Inspection Service

Verified Complaint for Forfeiture *In Rem* - 21
*United States. v. $30,250 in U.S. Currency, et al.*

JS 44  (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| UNITED STATES OF AMERICA, | $30,250 IN U.S. CURRENCY; $11,000 IN U.S. CURRENCY; $11,750 IN U.S. CURRENCY; AND ANY ACCRUED INTEREST |

**(b)** County of Residence of First Listed Plaintiff _____  
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____  
*(IN U.S. PLAINTIFF CASES ONLY)*  
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*  
Krista K. Bush, Assistant United States Attorney  
700 Stewart Street, Suite 5220, Seattle, Washington 98101-1271  
(206) 553-2242, Facsimile: (206) 553-6934

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

[X] 1  U.S. Government Plaintiff

[ ] 2  U.S. Government Defendant

[ ] 3  Federal Question *(U.S. Government Not a Party)*

[ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | [X] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | **PERSONAL INJURY** [ ] 365 Personal Injury - Product Liability | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | **PERSONAL PROPERTY** [ ] 370 Other Fraud | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | **LABOR** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 720 Labor/Management Relations | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** [ ] 861 HIA (1395ff) |
| | | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | **FEDERAL TAX SUITS** | [ ] 890 Other Statutory Actions |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 891 Agricultural Acts |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 893 Environmental Matters |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** [ ] 540 Mandamus & Other | | [ ] 895 Freedom of Information Act |
| | [ ] 448 Education | [ ] 550 Civil Rights | **IMMIGRATION** [ ] 462 Naturalization Application | [ ] 896 Arbitration |
| | | [ ] 555 Prison Condition | [ ] 465 Other Immigration Actions | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | [ ] 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

[X] 1 Original Proceeding

[ ] 2 Removed from State Court

[ ] 3 Remanded from Appellate Court

[ ] 4 Reinstated or Reopened

[ ] 5 Transferred from Another District *(specify)*

[ ] 6 Multidistrict Litigation - Transfer

[ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:  
21 U.S.C. § 881(a)(6) for violations of 21 U.S.C. §§ 841(a)(1) and (6), and 846.

Brief description of cause:  
Moneys furnished or intended to be furnished in exchhange for controlled substances or constituting proceeds of such an exchange.

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:  
JURY DEMAND: [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*  
JUDGE _____  DOCKET NUMBER _____

DATE  
November 6, 2020

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10  | UNITED STATES OF AMERICA,

11  |          Plaintiff,

12  |          v.

13  | $30,250 IN U.S. CURRENCY,

NO.   CV20-1642

**WARRANT OF ARREST *IN REM***

$11,000 IN U.S. CURRENCY,
$11,750 IN U.S. CURRENCY,
AND ANY ACCRUED INTEREST,

         Defendants.

TO:    UNITED STATES MARSHALS SERVICE,
       *and/or its duly authorized agents and representatives*

WHEREAS, a Verified Complaint for Forfeiture *in Rem* has been filed on

November 6, 2020, in the United States District Court for the Western District of

Washington, alleging the above-captioned $30,250 in U.S. Currency, $11,000 in U.S.

Currency, $11,750 in U.S. Currency, and Any Accrued Interest (hereafter "the Defendant

Currencies") are subject to seizure and forfeiture to the United States pursuant to

21 U.S.C. § 841(a)(6) (moneys furnished, or intended to be furnished, in exchange for a

controlled substance or proceeds from such an exchange), for violations of

Warrant of Arrest *In Rem* - 1
*United States v. $30,250 in U.S. Currency, et al.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  21 U.S.C. §§ 841(a)(1) (distribution of a controlled substance) and 846 (attempt or

2  conspiracy to violate Title 21);

3      YOU ARE, THEREFORE, HEREBY COMMANDED to arrest and seize the

4  Defendant Currencies; and,

5      YOU ARE FURTHER COMMANDED to provide notice of this action to all

6  persons thought to have an interest in or claim to the Defendant Currencies, to file a

7  verified claim/statement of interest with the Clerk of the Court pursuant to Supplemental

8  Rule G(5) of the Federal Rules of Civil Procedure (governing forfeiture actions *in rem*);

9  and that you promptly, after execution of this process, file the same in this Court with

10  your return thereon.

11

12      DATED this _____ day of _____, 2020.

13

14                      WILLIAM M. McCOOL

15                      UNITED STATES DISTRICT COURT CLERK

16

17              By: _____

18                      DEPUTY CLERK

19  Presented by:

20

21

22  KRISTA K. BUSH

23  Assistant United States Attorney
   United States Attorney's Office

24  700 Stewart Street, Suite 5220

25  Seattle, WA  98101-1271
   Telephone: (206) 553-2242

26  Email: Krista.Bush@usdoj.gov

27
   *NOTE: This warrant is issued pursuant to Rule G(3) of the Supplemental Rules for Admiralty or*

28  *Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure.*

Warrant of Arrest *In Rem* - 2
*United States v. $30,250 in U.S. Currency, et al.*